UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No. 8:22-CV-00678

**ASHLEY COLE**,

    Plaintiff,

v.

**BOMBARDIER RECREATIONAL PRODUCTS, INC. d/b/a BRP, INC.**,

    Defendant.
_____

## COMPLAINT

**COMES NOW**, Plaintiff, ASHLEY COLE, by and through the undersigned counsel, and files her Complaint against Defendant, BOMBARDIER RECREATIONAL PRODUCTS, INC. d/b/a BRP, INC. ('BRP'), and in support thereof states:

### ALLEGATIONS COMMON TO AL COUNTS

1. This is a product liability case wherein Plaintiff, ASHLEY COLE, was severely injured by Defendant, BRP,'s defectively designed and marketed personal watercraft ('PWC'), a Sea-Doo RXP-X 300 ('Subject Sea-Doo').

### PARTIES

2. Plaintiff, ASHLEY COLE, is an individual residing in Hillsborough County, Florida.

3. Defendant, BOMBARDIER RECREATIONAL PRODUCTS, INC. d/b/a BRP, INC. ('BRP'), currently doing business in the State of Florida, is a foreign corporation duly organized and existing in the country of Canada with its principal place of business located in Quebec, Canada. It may be served with process pursuant to the Hague Convention, 20 U.S.T. 361, as authorized by Rule 4 of the Federal Rules of Civil Procedure, and pursuant thereto service of process may be affected by serving a true and correct copy of the citation with a copy of the complaint attached by Registered Mail, to Central Authority for Quebec c/o Pierre-Luc Gagné, Professional Services Directorate, International Assistance, Ministry of Justice, 1200 Route de l'Eglise 2nd Floor, Quebec Canada G1V 4M1 and they shall forward service documents to Jose Boisjoli, President and CEO, Bombardier Recreational Products, Inc., 726 Saint-Joseph Street, Valcourt, Quebec, Canada, JOE 2LO.

## JURISDICTION AND VENUE

4. Jurisdiction is proper in this Honorable Court pursuant to 28 U.S.C. § 1332(a)(2) because the controversy is between Plaintiff, a citizen of the State

of Florida, and Defendant, a foreign corporate citizen doing business in the State of Florida, and in the United States of America. Moreover, the amount in controversy greatly exceeds $75,000.00, the minimum jurisdictional amount of this Court.

## FACTS

5. On or about March 24, 2019, Plaintiff, Ms. COLE, was riding as a passenger on a Sea-Doo RXP-X 300 on the navigable waters of Tampa Bay near the Godfrey Hotel in Hillsborough County, Florida. Neither the driver of the Sea-Doo nor Plaintiff were engaged in horseplay at the time of (or prior to) the incident which forms the basis of this suit.

6. On the day in question, as the Sea-Doo was being operated in a manner wholly consistent with its intended use, Plaintiff, Ms. COLE, slipped off the rear of the watercraft directly into the path of the blast of water emanating from the Sea-Doo's jet thrust propulsion system. The high-pressure stream of water penetrated her lower body orifices causing massive, mutilating injuries to her vagina, anus, perineum, rectum, colon, and internal organs.

7. These injuries have resulted in excruciating pain and suffering, intense mental anguish, debilitating physical impairment and severe disfigurement. These injuries are permanent in nature.

## COUNT I – PRODUCT LIABILITY

8. Plaintiff adopts and realleges paragraphs 1 through 7, and further alleges:

**A.   <u>Design Defect</u>**

9. In this diversity case, the law of Florida, which is the place of injury, and the forum jurisdiction, should be controlling. *See Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938).

10. The subject Sea-Doo was defective in its design because multiple safer alternative designs existed at the time of the accident which would have prevented or significantly reduced the risk of Plaintiff sustaining orifice injuries without substantially impairing the Sea-Doo's utility.

11. The subject Sea-Doo was defective and unsafe for its intended purposes at the time it left the control of Defendant, BRP. The Sea-Doo was defective in that it was defectively designed so as to render it unreasonably dangerous to Plaintiff. In particular, the design allowed the passenger to ride without adequate mobility restraints, handholds, straps, grips, seating configuration and/or tail design which would have prevented the passenger from sliding backward off the seat upon acceleration and falling directly into the path of the blast of water emanating from the Sea-Doo's jet thrust propulsion system.

12. These alternative designs would not reduce the utility of the Sea-Doo, but on the contrary, actually enhance its utility by providing stability and back support to a passenger who is not in control of the Sea-Doo. The normal and

4

expected use of the Sea-Doo presents a dynamic environment which causes the passenger to frequently experience unforeseen jolts or acceleration forces. Modified grip designs and back support features would prevent the passenger from being ejected off the back of the watercraft upon encountering any such jolts or forces.

13. Furthermore, each of these safer alternative designs were economically and technologically feasible at the time the Sea-Doo left the control of Defendant, BRP, by the application of existing or reasonably achievable scientific knowledge.

14. Moreover, the installation of such stability features to support the passenger were economically and technologically feasible at the time the Sea-Doo left the control of Defendant, BRP.

15. The defective design of the Sea-Doo was a direct, proximate and producing cause of Plaintiff's injuries on the occasion in question.

B. **Warning and Marketing Defects**

16. Defendant, BRP, also failed to give adequate warnings of the extreme danger of the powerful jet thrust created by the Sea-Doo's jet thrust propulsion system. Defendant, BRP, is/was well aware of this danger as a result of having been sued dozens of times over the past three decades for orifice related injuries such as those sustained by Plaintiff.

17. The warnings provided by Defendant, BRP, were inadequate and defective because the only warning sticker addressing orifice injuries was located in front of the driver, under the steering column, where Defendant could not reasonably expect the warning to catch the attention of a passenger. Also, the warning failed to convey a fair indication of the nature and extent of the danger to a passenger who might inadvertently fall into the waterjet of the jet thrust propulsion system.

18. The ordinary passenger on a Sea-Doo, with the ordinary knowledge common to the community as to the Sea-Doo's characteristics, would not appreciate the magnitude of the risk or the seriousness of the injury which could result by merely falling off the rear of the Sea-Doo into the path of the powerful and dangerous jet thrust.

19. The warnings which were provided were small, inconspicuous, hidden within a barrage of warnings, poorly placed for passenger viewing, unclear, non-specific, vague and therefore, in violation of American National Standards Institute standards and entirely inadequate to provide the warnings needed by passengers invited to ride on such a Sea-Doo.

20. Such defects in the substance and placement of the warnings by Defendant rendered the Sea-Doo unreasonably dangerous as marketed.

21. Such warning and marketing defects were a direct, proximate and producing

cause of Plaintiff injuries on the occasion in question.

**WHEREFORE**, Plaintiff, ASHLEY COLE, prays this Honorable Court enter a judgement against Defendant, BOMBARDIER RECREATIONAL PRODUCTS, INC. d/b/a BRP, INC., for all such actual and punitive damages as set out herein, along with prejudgment interest and post judgment interest, and for court cost and attorney fees as provided by law, trial by jury, and for such other and further relief, both at law and in equity, which this Honorable Court may deem appropriate under the circumstances.

### COUNT II – GENERAL MARITIME LAW NEGLIGENCE

22. Plaintiff adopts and realleges paragraphs 1 through 7, and further alleges:

23. Defendant, BRP, knew, or in the exercise of due care should have known, that the subject Sea-Doo was, or was likely to be, dangerous for the use for which it was supplied; had no reason to believe that those for whose use the product was supplied would realize its dangerous condition; knew or should have known that the watercraft's unreasonably dangerous condition would create a foreseeable and unreasonable risk of harm to users, including Plaintiff, ASHLEY COLE, and failed to exercise reasonable care to inform ultimate users, including Plaintiff, of the watercraft's dangerous condition or of the facts which make it likely to be dangerous.

24. Defendant, BRP, was under a duty to properly design, label, provide adequate

7

warnings for, package, distribute and sell the subject Sea-Doo in a reasonably safe condition so as not to present a danger to members of the general public who reasonably and expectedly under ordinary circumstances would come into contact with the subject Sea-Doo, including Plaintiff.

25. Defendant, BRP, breached its duties of reasonable care owed to Plaintiff in one or more of the following ways:

    a. Failing to design, manufacture, assemble, distribute, and sell the subject Sea-Doo so that it was safe for its intended use;

    b. Failing to design, manufacture, assemble, distribute, and sell the subject Sea-Doo so that passengers, including Plaintiff, would be prevented from being ejected off of the seat during foreseeable use;

    c. Failing to design, manufacture, assemble, distribute and sell the subject Sea-Doo so that passengers, including Plaintiff, could remain seated on the watercraft during foreseeable use;

    d. Failing to warn and/or incorporate adequate warnings as to the known risk to passengers, including Plaintiff, of being ejected due to the design of the subject Sea-Doo;

    e. Failing to design, manufacture, assemble, distribute, and sell the subject Sea-Doo so that it would prevent passengers, including Plaintiff, from being severely injured as a result of the design and/or location of its

    water jets during foreseeable use;

f. Failing to design, manufacture, assemble, distribute, and sell the subject Sea-Doo so that it would incorporate available design alternatives to ensure that passengers, including Plaintiff, would be protected from the jet propulsion system's water blast during foreseeable use;

g. Failing to warn and/or incorporate adequate warnings as to the known risk to passengers, including Plaintiff, of being injured from the jet propulsion system's water blast due to the design of the subject Sea-Doo;

h. Failing to design, manufacture, assemble, distribute and sell the subject Sea-Doo so that it would prevent passengers, including Plaintiff, from being injured as a result of the inherently defective design of combining no restraints and rapid acceleration;

i. Failing to exercise reasonable care in the testing, inspection, examination, and evaluation of the subject Sea-Doo so that passengers, including Plaintiff, would not be ejected off of the seat during foreseeable use;

j. Failing to exercise reasonable care in the testing, inspection, examination, and evaluation of the subject Sea-Doo so that passengers, including Plaintiff, could remain seated on the PWC during foreseeable

   use; and

  k. Failing to exercise reasonable care in the testing, inspection, examination, and evaluation of the subject Sea-Doo so that passengers, including Plaintiff, would not be injured from the jet propulsion system's water blast.

26. The negligence described above directly and proximately caused the incident and injuries sustained by Plaintiff in that it directly and in natural and continuous sequence produced or contributed substantially to her injuries.

27. As a direct and proximate result of the foregoing negligence, Plaintiff sustained severe nerve damage and mutilating injuries, including traumatic vaginal and rectal tearing and rectosigmoid perforation from the forceful injection of water, resulting in pain and suffering, impairment, disability disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical care and treatment, and loss of the ability to earn money. Plaintiff's injuries are permanent in nature and, in all likelihood, will result in her sustaining continued losses for the duration of her natural life.

28. Plaintiff, as a direct, proximate and producing cause of the injuries which she sustained on March 24, 2019, is entitled to recover monetary compensation greatly in excess of the minimum jurisdictional limits of this Honorable Court

for each element of compensatory damages set out below:

a. Past and future physical pain and suffering;

b. Past and future mental anguish;

c. Loss of earning past and future earning capacity;

d. Past and future bodily disfigurement;

e. Past and future physical impairment; and

f. Past and future medical expenses.

**WHEREFORE**, Plaintiff, ASHLEY COLE, prays this Honorable Court enter a judgement against Defendant, BOMBARDIER RECREATIONAL PRODUCTS, INC. d/b/a BRP, INC., for all such actual and punitive damages as set out herein, along with prejudgment interest and post judgment interest, and for court cost and attorney fees as provided by law, trial by jury, and for such other and further relief, both at law and in equity, which this Honorable Court may deem appropriate under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff respectfully requests a trial by jury on all issues so triable, pursuant to Fed. R. Civ. P. 38.

Respectfully Submitted this 23rd day of March, 2022.

Respectfully submitted,

**Frank D. Butler, Esq.**
FBN:  940585
fdblawfirm@aol.com
**Kelly Ann L. May, Esq.**
FBN:  59286
kmay@fightingforfamilies.com
Frank D. Butler, P.A.
10550 US Highway 19 North
Pinellas Park, FL 33782
Phone: 727-399-2222
Fax: 727-399-2202
Service: courtdocserve@fdblawfirm.com
Secondary: kallen@fightingforfamilies.com
*Attorneys for Plaintiff*

***/s/ Kelly Ann L. May, Esquire***
Kelly Ann L. May, Esq.